HARDY, Judge.
This is an action ex delicto in which plaintiff claims damages for the value of a pickup truck destroyed by fire, together with attendant damages resulting from the loss of use of the vehicle. From judgment in favor of plaintiff in the principal sum of $2,375.00 the defendant has appealed, and plaintiff has answered the appeal, praying for an increase in the amount of the judgment.
There is little dispute as to the material facts. Plaintiff operates a stock farm, on property owned by his wife, located partly in the corporate limits of the Town of Oak Grove in West Carroll Parish. At about 7:30 on the evening of July 10, 1963, defendant’s truck, driven by its employee, Sterling Epps, arrived at the farm with a load of feed which had been ordered by plaintiff. Both plaintiff and his wife were away from home, and, being unfamiliar with the premises, Epps procured ¿he assistance of one Hatten Middleton, a negro man who lived on the Bradford place, for the purpose of showing him the location in the barn where the feed should be deposited. The blower equipment on defendant’s truck, used for the purpose of unloading the feed, was not operating. Middleton procured some tools — in accordance with Epps’ request — but it became necessary to have some light for the work in repairing the blower equipment. Plaintiff’s pickup truck was parked near the rear of his residence and it was driven to a position near defendant’s truck so that its headlights might be used. The testimony of Epps and Middleton is contradictory with respect to which one actually drove defendant’s truck from the house to the position near the barn, Middleton testified that Epps drove the truck, while the latter testified that the vehicle was driven by Middleton. After careful examination of the record we are inclined to consider Epps’ testimony on this point as being more reliable. Middleton’s testimony is inconsistent in several particulars which he attempted to reconcile on the ground that some facts had “slipped his remembrance.” After repairing the blower equipment and unloading the feed it was discovered that the use of the lights on the defendant’s truck had depleted the power of the battery to such a degree that the motor could not be started, and, accordingly, the vehicle was left in its position near the barn. Epps drove Middleton to his home and then left the premises, apparently about 9:00 or 9:30 P.M. Plaintiff, accompanied by a friend, Mr. Waymond A. Stewart, returned home about 11:00 or 11:30 P.M. The next morning at about 6 :30 o’clock Middleton came by the Bradford home for the purpose of informing Mr. Bradford about the delivery of the feed, the delivery ticket for which he had left on a counter in the kitchen the night before. At the same time Middleton informed plaintiff as to the location of his truck, the condition of the battery, and offered to help move the vehicle. This offer was declined by plaintiff who told Middleton that he and Mr. Stewart would move the vehicle later in the morning. Stewart received a business call shortly before 8:00 *505 o’clock and left the Bradford place with the understanding that he would return about noon, at which time he would bring his truck for the purpose of assisting plaintiff in moving the latter’s truck. Bradford testified that he took a nap about 10:00 o’clock that morning and was awakened at 12:10 P.M. by the blowing of a horn and a voice crying that his barn was on fire. Hurriedly throwing on a shirt and trousers Bradford ran to his truck near the barn with the intention of using the vehicle to Icnock down the fence enclosing two runways, in each of which there was a registered Aberdeen-Angus bull. Unable to start the vehicle, Bradford, with the assistance of the passerby who had awakened him, managed to pull down the fence at one point and rescue one of the bulls. The other animal died of suffocation and it is for this damage that plaintiff claimed the sum of $3,000.00 as the value of the animal, seeking recovery on the ground that the damage was caused by the loss of use of his truck with which he could have liberated the animal from the enclosure in which it was penned.
There is no allegation nor contention on the part of plaintiff that the negligence of defendant’s employee in any respect or degree was responsible for the burning of the barn. The sole allegation of negligence asserted in plaintiff’s petition is phrased as follows:
“That the wrongful, unauthorized and negligent use of and the negligent leaving of said truck near the barn by Sterling Epps, employee of defendant, acting on defendant’s behalf, did cause damage * * *."
It is argued by counsel for plaintiff that the unauthorized use of plaintiff’s truck by defendant’s employee constituted a criminal trespass and that the consequence of this act and the negligence of defendant’s employee caused the damages for which plaintiff claims redress.
Among other contentions it is urged that Middleton was not plaintiff’s employee. This contention is not entirely correct. While the record establishes the fact that Middleton was employed by the Carroll Nursing Home, it further discloses that he was a part-time employee of the Bradfords; that he regularly milked a cow, performed odd jobs, and had, in season, assisted in haying operations on the farm. It is also undisputed that Middleton had the right of access to the Bradford residence and had, on occasions, driven plaintiff’s truck.
Practically all of the arguments made by counsel for the parties litigant in this case are devoted to legal questions involving proximate and remote cause, foreseeability, etc., etc. The materiality of these questions is necessarily dependent upon the establishment of an essential fact, namely, that the defendant’s employee, Epps, actually committed the acts of negligence which are specified in the above noted allegation of plaintiff’s petition. Clearly, the burden was upon plaintiff to establish this fact by a preponderance of the evidence. The effort to discharge this burden has completely failed. As we have above noted, the only testimony on this point was given by Epps and Middleton and their versions were in conflict. While we are convinced that Epps’ statement of the actual facts is entitled to the greater credibility, it is not necessary to rely upon this conclusion. Even if the testimony of Middleton be accorded equal weight, the conclusion is inescapable that plaintiff has not borne the burden of fixing the responsibility for the alleged acts of negligence upon defendant’s employee by the requisite preponderance of the evidence. For this reason we can only conclude that the judgment appealed from is manifestly erroneous.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, avoided, set aside and reversed, and,
It is further ordered that there be judgment in favor of defendant, Valley'Mills, A Division of the Merchants Company, rejecting plaintiff’s demands at his cost in both courts.